

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:ICR/JGH
F. #2016R00532

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 15, 2019

By Email and ECF

Samuel I. Jacobson, Esq.
Deirdre D. von Dornum, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

    Re: United States v. Jane Doe
       Criminal Docket No. 17-48

Dear Counsel:

    The government writes pursuant to United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), to correct an error its estimate of the defendant's United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") advisory sentencing range contained in the plea agreement dated March 7, 2019. At sentencing the government will argue that the defendant's correctly calculated Guidelines sentencing range is 360 months' to life imprisonment.

    At the time of the defendant's guilty plea on March 7, 2019, the government had estimated, in relevant part, that the defendant's advisory Guidelines range of imprisonment would be "292 to 365 months . . . , in addition to the sentence imposed pursuant to 18 U.S.C. § 3147." (Plea Agreement ¶ 4). That estimate was premised on the defendant's stipulation to a Guidelines calculation resulting in an Offense Level of 40 which included the application of the enhancement at U.S.S.G. § 3A1.4, and the government's "assum[ption] that the defendant falls within Criminal History Category I." (Plea Agreement ¶ 4). The government's estimate, however, was just an estimate, and as part of the plea agreement, the defendant and the government further agreed that

> [t]he Guidelines estimates set forth in paragraphs 2, 3 and 4 are not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be

    entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

(Plea Agreement ¶ 5).

  The government has considered the defendant's Guidelines sentencing range further and has identified an error in the estimate it provided to the defendant in connection with the defendant's guilty plea on March 7, 2019.  Specifically, the government's assumption that the defendant would fall within Criminal History Category I was mistaken.  Pursuant to U.S.S.G. § 3A1.4(b), the defendant's Criminal History Category is automatically Category VI.  <u>See</u> U.S.S.G. § 3A1.4(b) (stating that "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism" under § 3A1.4(a), "[t]he defendant's criminal history category from Chapter Four (Criminal History and Criminal Livelihood) shall be Category VI."); <u>United States v. Meskini</u>, 319 F.3d 88, 91-92 (2d Cir. 2003) ("The wording of § 3A1.4 could not be clearer: It directs courts to increase both the offense level and the criminal history category based on a single crime involving terrorism.").

  Accordingly, the government estimates the defendant's advisory Guidelines sentencing range to be 360 months' to life imprisonment, based on her Offense Level of 40 and her Criminal History Category of VI.

          Respectfully submitted,

          RICHARD P. DONOGHUE
          United States Attorney

     By:    /s/
          Ian. C. Richardson
          Josh Hafetz
          Assistant U.S. Attorneys
          (718) 254-7000

cc: Shayna Bryant, Sr. U.S. Probation Officer (by Email)
   Clerk of Court (JBW) (by ECF)